J. EDWARD FLITCROFT

*v.*

ALLENHURST CLUB.

[Decided February 7th,. 1905.]

Exceptions for insufficiency will lie to the answer of a corporation.

On exceptions to answer for insufficiency, heard without reference, under section 26 of the Chancery act of 1902..

*Mr. Linton Satterthwait,* for the complainant.

*Messrs. Black & Drayton,* for the defendant.

MAGIE, CHANCELLOR.

This bill is filed for the reformation of a contract in writing between the parties, by including therein a promise or undertaking which complainant charges was intended to be included, but which was omitted therefrom. by mutual mistake.

By the contract set out in the bill, complainant agreed with defendant to furnish the material and labor to complete the plumbing in a building to be erected by defendant, in accordance with certain specifications. The defendant agreed thereby. to pay complainant the price of the material and labor, and the parties mutually agreed that such price should not exceed the sum of $11,000, "including commissions." But the contract omits to state upon what or at what rate commissions are to be calculated. If there may be implied therefrom the fact that commissions were to be calculated upon the price of the materials and labor, it is clear that nothing in the contract justifies any inference as to the rate at which the commission should be calculated.

The complainant asserts by the bill that the actual agreement between him and defendant was that defendant should pay complainant commissions at the rate of ten per cent. upon the price of such materials and labor, provided that such price and commission together should not exceed $11,000, and that it was intended by the parties that such a term should be inserted in the contract. Having been omitted by mutual mistake, complainant seeks a decree to reform the contract according to the real intention of the parties by the insertion of that term.

The defendant, a corporation, has filed an answer, to which complainant has excepted for insufficiency, and the exceptions have been brought to hearing upon briefs submitted by the counsel of both parties.

The complainant contends that the answer is defective in that it fails to respond to the distinct allegations of the bill that the actual agreement of the parties was that complainant should be paid by defendant commissions on the price of the materials and labor, and that at the rate of ten per cent. on that price.

On the part of the defendant it is suggested, rather than contended, that exceptions for insufficiency will not lie to an answer of a corporation. But it has been held in this court that such exceptions may be interposed. In *Reed* v. *Cumberland Insurance Co., 36 N. J. Eq. (9 Stew.) 393*, Chancellor Runyon dealt with a motion to strike out parts of an answer filed by a corporation. The motion was evidently made under rule 213, and for the purpose of presenting objections to an answer without filing exceptions thereto. The motion was deemed by the learned chancellor to present the question whether exceptions or objections could be filed to an answer of a corporation for insufficiency, and it obviously did so. Although the question was not argued, the court decided it, and held that exceptions for insufficiency could be interposed to the answer of a corporation and also to an answer filed without oath, the answer under oath having been waived.

An examination of the answer has led me to the conclusion that it is insufficient in the particulars claimed. I do not find in it a full, frank and explicit response to the allegations of the bill above stated respecting the agreement for the payment of

commissions upon the price of material and labor furnished, and the rate at which such commission was to be calculated.

The exception must be sustained and the answer adjudged insufficient.